IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HILDA HERRERA, <br><br> Plaintiff, <br><br> v. <br><br> PANDUIT CORP., <br><br> Defendant. | Case No.: 20-cv-7061 |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, HILDA HERRERA, by and through undersigned Counsel, complaining of Defendant PANDUIT CORP., for disability discrimination in violation of the Americans with Disabilities Act, 42 USC § 12101 *et seq.*, and for retaliation in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/ *et. seq.* In support of her claims, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. This action is brought in part under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* for disability discrimination. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and was issued a Right to Sue on September 1, 2020.

1

Case: 1:20-cv-07061 Document #: 1 Filed: 11/30/20 Page 2 of 6 PageID #:2

2. Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## PARTIES

3. Plaintiff Hilda Herrera (hereinafter "Plaintiff") is a resident of Cook County, Illinois. Plaintiff worked for Defendant Panduit Corp. for approximately eight and a half years until she was terminated on March 13, 2020, shortly after she requested accommodation for her diabetes and had filed a worker's compensation claim for a back injury suffered at work.

4. Defendant Panduit Corp. (hereinafter "Defendant") is a business that, at least in part, conducts business in Will County, Illinois. Defendant is a corporation that provides industrial electrical and network infrastructure services to clients. At all times relevant in this Complaint, Defendant was the employer of Plaintiff until it discharged her.

## FACTUAL ALLEGATIONS

5. Plaintiff began her employment with Defendant on or about March 28, 2011 as a production operator.

6. In the summer of 2018, Plaintiff was diagnosed with diabetes.

7. In or around October of 2019, Plaintiff requested accommodations for her diabetes. She requested intermittent leave for medical treatment and incapacity for an eight hour period.

8. On or about November 12, 2019, Defendant sent Plaintiff a notice approving intermittent FMLA leave for Plaintiff's medical treatment and incapacity related to her diabetes.

Defendant's notice stated the period of validation of the request was from October 23, 2019 until April 21, 2020.

9. On or about November 21, 2019, Plaintiff suffered a lower back injury while at work. Plaintiff reported her injury to Defendant the same day.

10. The next day, Defendant sent Plaintiff to a clinic. Plaintiff had x-rays taken, was given two injections and prescribed pain medicine. The doctor at the clinic recommended physical therapy to Plaintiff but also advised she could return to work but to also continue physical therapy.

11. In December of 2019, because her pain was persisting while working, Plaintiff saw her own doctor. This doctor advised Plaintiff to undergo an MRI and remain off work while Plaintiff underwent physical therapy.

12. Plaintiff requested the time off from work following her employer's procedures.

13. On or about December 19, 2019, Plaintiff filed a workers' compensation claim.

14. In a notice dated December 19, 2019, Plaintiff was informed that she had 6.487 weeks of FMLA leave and was approved for injury leave from December 18, 2019 until January 8, 2020.

15. On or about December 27, 2019, Defendant, through a third party administrator, denied Plaintiff's short-term disability claim. The third party administrator found that the injury was the result of an occupational injury or illness, and Plaintiff was therefore ineligible for short-term disability benefits as defined by Defendant.

16. On or about January 29, 2020, Plaintiff underwent a medical exam with a doctor selected by Defendant. The exam lasted approximately 5-10 minutes. Plaintiff was asked how she was injured. The doctor concluded Plaintiff could return to work.

17. Plaintiff regularly provided her employer with medical reports from her own doctor stating she could not yet return to work and describing the treatment plan she was prescribed.

18. Following receipt of the report from the doctor it selected, Defendant denied Plaintiff's workers' compensation claim and began treating Plaintiff's leave as leave for a personal health condition under the FMLA, rather than as leave pursuant to a work related injury.

19. Plaintiff was told by someone at Defendant handling work injury claims that Plaintiff's injury was not work-related, but the result of her inability to "get her diabetes under control."

20. Sometime in February of 2020, Defendant stopped paying workers' compensation benefits to Plaintiff.

21. Plaintiff was terminated by Defendant on or about March 13, 2020.

## COUNT I – DISABILITY DISCRIMINATION

22. Plaintiff reasserts and realleges all previous paragraphs as if contained fully herein.

23. Plaintiff is disabled within the meaning of the Americans with Disabilities Act. Plaintiff able to perform the essential functions of her job with accommodations. Defendant was aware of Plaintiff's disability. Plaintiff requested reasonable accommodations from Defendant but was not provided accommodation and was later discharged.

24. Defendant's conduct caused Plaintiff damages, in that she has been terminated from employment

25. Defendant's conduct constituted discrimination in violation of the Americans with Disabilities Act, as amended.

4

## COUNT II – WORKERS' COMPENSATION RETALIATION

26. Plaintiff reasserts and realleges all previous paragraphs as if contained fully herein.

27. Plaintiff was exercising her statutory rights under the Illinois Worker's Compensation Act, 820 ILCS 305/ *et seq.* when she pursued a claim for injury under the Act.

28. Plaintiff was terminated from Defendant in retaliation for having engaged in the protected activity. Defendant's stated reason for Plaintiff's discharge was pretext for the unlawfully-motivated discharge.

29. Defendant's conduct was motivated by unlawful considerations, willful, wanton and/or grossly negligent.

30. Defendant's unlawful conduct has caused Plaintiff damages including, but not limited to, back pay, emotional distress and other damages.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff HILDA HERRERA prays for judgment against Defendant PANDUIT CORP., awarding:

a. Reinstatement;

b. Actual damages;

c. Compensatory damages;

d. Punitive damages;

e. Costs;

f. Attorney's fees; and

g. Such other relief as the Court deems just and equitable.

> Respectfully Submitted,
> HILDA HERRERA

Plaintiff

/s/ Christina Abraham

_____
Christina Abraham
Attorney for Plaintiff

Attorney No. 6298946
Christina Abraham, Esq.
Abraham Law & Consulting, LLC.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150

November 30, 2020

6